## Lobb v. Stitzinger.

*Practice, C. P.—Trespass—Leave to file affidavit—Practice Act of May 14, 1915.*

Under the Practice Act of May 14, 1915, P. L. 483, in actions of trespass, a defendant may, with leave of court, file an affidavit of defence at any time before trial; but such leave should not be granted in a case where a plaintiff establishes, by depositions or otherwise, that he has been prejudiced by defendant's implied admission of the ownership of the instrument by which the injury was caused or the agency of the person causing the injury. Where, however, plaintiff fails to aver in his answer to the petition for leave that he has sustained prejudice by reason of defendant's delay, or to offer evidence to establish such prejudice, leave will be granted.

Rule to show cause why defendant should not have leave to file an affidavit of defence. C. P. No. 2, Phila. Co., March T., 1923, No. 4640.

*Chapman & Chapman*, for rule; *J. Edgar Butler*, contra.

LEWIS, J., May 13, 1924.—A summons in trespass was issued herein, returnable to the fourth Monday of April, 1923, and a statement of claim and notice to file an affidavit of defence were filed on April 14, 1923, copies being duly served upon the defendant, for whom counsel had entered an appearance on April 9, 1923. It is admitted that on April 16, 1923, defendant's counsel wrote to counsel for plaintiff that, within the fifteen days allowed by rule, he would advise his opponent whether he would file an affidavit of defence, and that on April 28, 1923, defendant's counsel wrote his opponent as follows:

"Please be advised that as I shall not contest either the ownership by the defendant of the automobile involved in the above suit or the authority of the person driving it, I shall not file an Affidavit of Defence, as all the other matters in your Statement are put in issue by the Practice Act."

On April 10, 1924, defendant petitioned for rule to show cause why he should not have leave to file an affidavit of defence, this affidavit admitting the ownership by defendant of the automobile, but denying that it was being operated or controlled on his business or undertaking or by his agent, servant or employee, and averring that it was being operated by defendant's minor daughter upon her own business and pleasure. The affidavit also denied negligence and made a counter-averment of negligent operation by the plaintiff of his own car.

We are of opinion that in actions of trespass a defendant can, with leave of court, file an affidavit of defence at any time prior to trial, but that such leave should not be granted in a case where plaintiff establishes, by depositions or otherwise, that he has been prejudiced by defendant's implied admission of ownership and agency of the instrument by which the injury was caused. For instance, should plaintiff establish, by depositions or other evidence, that he has lost the opportunity to obtain witnesses who might otherwise have been available for attendance in court to establish the defendant's ownership of the instrument and the fact of its control or operation by defendant's agent. Here, a period of one year has elapsed, during all of

4 D. & C.

which time the plaintiff has been entitled to rely upon the record as constituting an admission by defendant of all the averments in the statement of claim relating to ownership and agency, and it might very well have been the fact that in this time witnesses necessary to prove plaintiff's allegations had died, removed from the country or disappeared. However, the plaintiff has not averred in his answer to the petition, nor has he offered evidence to establish, any prejudice to his cause consequent upon defendant's delay, and, in the absence of evidence of damage, it is our view that defendant should have the leave prayed for.

The rule to show cause is, therefore, made absolute.